

**SO ORDERED.**

**SIGNED this 28th day of May, 2008.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| JASON PIERCE MAY | 07-50290-LMC |
| *DEBTOR* | CHAPTER 7 |
| JOHN PATRICK LOWE, TRUSTEE | |
| *PLAINTIFF* | |
| V. | ADV. NO. 08-5017-LMC |
| LEONARD MAY | |
| *DEFENDANT* | |

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION PURSUANT TO FRCP 36(B) TO PERMIT ANSWERS TO REQUESTS FOR ADMISSIONS**

CAME ON for consideration the foregoing matter. The plaintiff served the defendant with requests for admission under Rule 36(a) of the Federal Rules of Civil Procedure (applicable in this bankruptcy adversary proceeding via Rule 7036 of the Federal Rules of Bankruptcy Procedure). The defendant failed to timely respond, filing his answers on the 31st day. The plaintiff then moved for summary judgment, based in part on the deemed admissions of the defendant.

The defendant now seeks to "permit" his answers to the requests for admission, even though

they were untimely. According to the motion, the plaintiff opposes that relief.

Rule 36 was amended effective December 1, 2007. The rule as so amended applies to this action. The rule provides that the time to respond is 30 days, and that the effect of not responding within 30 days is that the matter in question is admitted. A shorter or longer time may either be stipulated by the parties, or be ordered by the court. *See* FRCP 36(a)(3). Neither occurred in this case.

If an answer is not admitted, then the response must either specifically deny or state in detail why the matter cannot truthfully be admitted or denied. Objections must be similarly specific. *See* FRCP 36(a)(4)-(5). If the answers or objections are not deemed sufficient, then the requesting party may file a motion with respect to such insufficiency, presenting the matter to the court for resolution. *See* FRCP 36(a)(6).

If a matter is admitted under this rule (and that would include a deemed admission under subsection (a)(3)), then the matter is conclusively established, unless the court, on motion, permits the admissions to be withdrawn or amended. *See* FRCP 36(b). This motion seeks essentially that relief, though its express request is that the court permit the defendant to file its answers to requests for admissions. When a party has not timely answered, it is deemed to have admitted the matter in question. When a party later desires to file answers out of time, it is really asking that it be allowed to "withdraw" its deemed admissions, accomplished as a result of not timely responding, and to then file (or "amend") by submitting answers in place of the deemed admissions. Thus, seeking to submit answers out of time constitutes a request to withdraw or amend deemed admissions. *See Moosman v. Joseph P. Blitz*, 358 F.2d 686, 688 (2nd Cir. 1966); *see also Murrell v. Casterline*, 2008 WL 822237, slip op., at 2 n. 1 (5th Cir. March 25, 2008); *In re Carney*, 258 F.2d 415, 419 (5th Cir. 2001).

In *Carney*, the court explained that deemed admissions can only be withdrawn (and "amended" answers substituted in their stead) if doing so would serve the presentation of the case on its merits and would not prejudice the party that obtained the admissions in its presentation of the case. *Id*, at 419. Even then, the court has discretion whether to grant the request, reversible only on a showing of abuse of that discretion. The circuit stated that "for Rule 36 to be effective ... litigants must be able to rely on the fact that the matters admitted will not later be subject to challenge." *Id.*, citing *American Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1119 (5th Cir. 1991).

The movant here points out that his answers were only one day late, that the occasion for the delay was the sudden and unexpected death of a close personal friend, and that he sought to obtain the plaintiff's agreement to a short extension, but was unable to reach the plaintiff prior to the deadline for filing. He says that the plaintiff then filed his motion for summary judgment, premised primarily on the defendant's deemed admissions, and that the plaintiff expressly stated in his motion that he had not consented to accept untimely answers. Defendant says that this matter ought to be heard on its merits, and that he has a colorable defense. He adds that the plaintiff will suffer no real prejudice beyond the loss of an opportunity to benefit from the one day delay which defendant says was only occasioned by the untimely death of his friend.

The plaintiff, as a trustee of a bankruptcy estate, is right to seek prompt resolution of actions such as this, designed to recover assets for distribution to creditors, with a minimum of cost. By the same token, however, the trustee, like any litigant, cannot seriously claim prejudice solely by virtue of losing a serendipitous opportunity occasioned by fortuitous events (at least fortuitous from the point of view of the plaintiff). While the Fifth Circuit strongly favors enforcement of Rule 36, it also

favors resolution on the merits, so long as the plaintiff is not prejudiced in the presentation of its case. At some level of course, granting relief to a respondent under Rule 36(b) *always* occasions some prejudice to the other side, because the opportunity for a faster resolution in that party's favor is then lost. The prejudice to which the court adverts, however, is of the sort that results in delay in the presentation of the case, or an increase in litigation costs, or the need to engage in unexpected new discovery. The closer to trial relief under Rule 36(b) is sought, the greater the likelihood of prejudice.

The court finds that the level of prejudice likely to be suffered by the plaintiff here is not sufficiently great to deter the court from exercising its discretion to afford the defendant relief from its deemed admissions in this case. But for the untimely death of a close personal friend, the request for admissions would have been timely answered, and no motion for summary judgment would ever have been filed. The plaintiff had the defendant's answers in hand when he filed his motion for summary judgment. Granted, defendant could have (and no doubt should have) filed much sooner – within days of his untimely answers, for example. But that delay is not so great that whatever harm it might cause cannot be rectified in other ways. The plaintiff may still object to the sufficiency of the answers, and if the court agrees with the plaintiff, the court will, given the circumstances of this case, award fees as provided under Rule 37(a)(5). That is sufficient to blunt any prejudice.

For the reasons stated, the defendant's deemed admissions are, by this order, deemed to be withdrawn, and the answers submitted on the 31st day are allowed as "amendments" of those deemed admissions. The plaintiff may object to the sufficiency of those answers within 20 days of the date of entry of this memorandum opinion and order.

# # #